DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| GENEVIEVE R. WHITAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2016-0033 |
| | ) |
| CAROLINE F. FAWKES, ARTURO R. | ) |
| WATLINGTON, JR., ALECIA M. WELLS, | ) |
| LYDIA A. HENDRICKS, LAWRENCE T. | ) |
| BOSCHULTE, LILLIANA BELARDO | ) |
| De O'NEAL, LISA HARRIS-MOORHEAD, | ) |
| RAYMOND J. WILLIAMS, RUPERT | ) |
| W.B. ROSS, JR., and HARRY A. DANIEL, | ) |
| | ) |
| Defendants. | ) |

**Appearances:**
**Genevieve Whitaker,** *pro se*
St. Croix, U.S.V.I.
    *For Plaintiff*

**Julita K. De Leon, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" for failure to state a claim (Dkt. No. 24). Plaintiff has not responded to the motion, and the time to do so has passed. For the reasons that follow, Defendants' Motion will be denied.

## I.  BACKGROUND

Plaintiff Genevieve Whitaker brought suit against Defendants under Title VII, alleging sex discrimination based on her assertion that she was being paid less than her male predecessor. (Dkt. No. 1). At the time of her Complaint, Plaintiff was employed as a Deputy Supervisor for Elections for the St. Croix District of the Election System of the Virgin Islands ("Deputy Supervisor"). (Dkt. No. 22 at 2).

Defendants responded to Plaintiff's Complaint by filing a Motion for a More Definite Statement/Motion to Dismiss." (Dkt. No. 17). Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"), which triggered an initial review pursuant to 28 U.S.C. § 1915(e)(2). (Dkt. Nos. 14, 18). Magistrate Judge George Cannon, Jr. thereafter denied Plaintiff's IFP Motion, and recommended that her Complaint be dismissed without prejudice for failure to state a claim. (Dkt. No. 18).

Plaintiff subsequently paid the filing fee and filed an Amended Complaint within the time period for amending her complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). (Dkt. No. 22). In her Amended Complaint, Plaintiff attempts to address the deficiencies identified by Defendants and Magistrate Judge Cannon. *Id.* The Amended Complaint also clarifies that Plaintiff seeks relief pursuant to the Equal Pay Act (29 U.S.C. § 206(d)), 3 V.I.C. § 552, and Title VII (42 U.S.C. § 2000e-3(a)). Defendants thereafter renewed their Motion to Dismiss. (Dkt. No. 24, 25). Plaintiff has not filed a response to Defendants' motion.

## II.  APPLICABLE LEGAL PRINCIPLES

**A.  Rule 12(b)(6)**

Following *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit described the analysis to be undertaken when presented with a motion to dismiss for failure to state a claim under Rule 12(b)(6):

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations and footnote omitted). Accepting all well-pleaded factual allegations as true, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Advanced Rehab., LLC v. UnitedHealthgroup, Inc.*, 498 F. App'x 173, 176 (3d Cir. 2012) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotations omitted)). "A district court may grant the motion to dismiss only if . . . it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta v. Hovensa, LLC*, 53 V.I. 762, 771 (D.V.I. 2010) (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

Determining whether the well-pleaded facts plausibly give rise to a claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly*, 809 F.3d at 786-87 (quoting *Iqbal*, 556 U.S. at 679). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler*, 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556) (quotations omitted).

3

### B. Equal Pay Act

The Equal Pay Act ("EPA") provides, in pertinent part:

> No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . .

29 U.S.C. § 206(d). A plaintiff need not establish a *prima facie* case in her pleadings with respect to the EPA in order to survive a motion to dismiss. *Connelly*, 809 F.3d at 788. A *prima facie* case is "an evidentiary standard, not a pleading requirement." *Id.* at 789 (internal quotations and citations omitted). "Instead of requiring a *prima facie* case, the post-*Twombly* pleading standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Id.* at 789; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (*prima facie* case not required to sufficiently plead age discrimination claim to defeat motion to dismiss).

### C. Title VII Retaliation

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)). Again, in order to survive a motion to dismiss, a complaint need not establish a *prima facie* case.

"[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UPMC Shadyside*, 578 F.3d at

4

211; *see also Nelson v. Whole Foods Market Group*, 2020 WL 1151296, at \*1-2 (E.D. Pa. Mar. 9, 2020) (applying these standards in case pursuing claims under Title VII, the Equal Pay Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act). Plaintiff need not prove but-for causation at the motion-to-dismiss stage of litigation. *See Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017) ("[P]roving but-for causation as part of her ultimate burden of persuasion comes later, and not at the motion-to-dismiss stage.").

For purposes of a retaliation claim, an adverse employment action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). "Termination, failure to promote, and failure to hire all constitute adverse job actions." *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 219 (3d Cir. 2014) (citing 42 U.S.C. § 2000e-2(a)(1)). Similarly, actions that "reduce opportunities for promotion and professional growth can constitute adverse employment actions." *Id.* (citing cases). In evaluating whether actions are materially adverse, a court "must remain mindful that 'it is important to separate significant from trivial harms' because '[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.'" *Moore,* 461 F.3d at 346 (quoting *Burlington N.,* 548 U.S. at 68).

### III. DISCUSSION

#### A. Count I: Equal Pay Act Claims

Defendants correctly note that Plaintiff will have to demonstrate that her position and that of her male predecessor share a common core of tasks in order to establish her entitlement to relief. *See Barthelemy v. Moon Area Sch. Dist.*, 2020 WL 1899149, at \*13 (W.D. Pa. Apr. 16, 2020) ("The 'crucial finding' here is whether the jobs to be compared have a 'common core of tasks,' meaning a significant portion of the jobs are identical. The focus of this inquiry must be on the

skills necessary to perform the job, not on a comparison of the individual abilities of the plaintiff[] and comparator[].") (internal citations omitted).

In her Amended Complaint, Plaintiff asserts that she "not only performs the duties outlined in the . . . Position Description document but . . . has performed additional duties beyond such duties performed by her male predecessor." (Dkt. No. 22 at 3). Although she does not describe her predecessor's specific job duties, the fact that Plaintiff has pleaded that she and her predecessor occupied the same position and that she performed duties "beyond" those performed by her comparator allows the Court—at this stage of the proceedings—to draw an inference in favor of Plaintiff that the two positions share a common core of tasks. *See Advanced Rehab.*, 498 Fed. App'x at 176 (in evaluating a motion to dismiss, the Court must draw all reasonable inferences in favor of the plaintiff); *Jones v. Amerihealth Caritas*, 95 F. Supp. 3d 807, 813 (E.D. Pa. 2015) (motion to dismiss denied when male plaintiff pled that specific women were paid more than him for doing similar work and that the women were less qualified or possessed less seniority than plaintiff). Thus, accepting the factual allegations as true, the Court concludes that they plausibly give rise to a claim for relief under the EPA, 29 U.S.C. § 206(d).

In short, at this stage of litigation, the Court finds Plaintiff's Amended Complaint sufficient to withstand Defendants' Motion to Dismiss with regard to her EPA claim. Accordingly, the Court will deny Defendants' Motion to Dismiss Count I of Plaintiff's Amended Complaint.

    **B.**    **Count II: "Virgin Islands Equal Pay Law"**

In Count II of the Amended Complaint, Plaintiff asserts a claim based on what she refers to as the "Virgin Islands Equal Pay Law," 3 V.I.C. § 552. Plaintiff's Amended Complaint asserts that 3 V.I.C. § 552 is the local counterpart to the federal EPA. Defendants' Motion to Dismiss fails to specifically challenge Plaintiff's Count II. Their Motion also fails to provide any legal authority

addressing the requirements of pleading a claim under the Virgin Islands statute. (Dkt. 24 at 3-6). Absent any legal argument or support, Defendants' Motion to Dismiss Count II is denied.

### C. Count III: Title VII Retaliation Claim

Defendants' challenge to Count III of the Amended Complaint is premised on the argument that Plaintiff fails to allege facts that amount to materially adverse actions that could rise to retaliation under Title VII. Further, Defendants assert that Plaintiff has failed to allege a causal connection between the actions complained of and her protected activity. (Dkt. No. 24 at 6-9). The Court's analysis will therefore focus on those two elements of Plaintiff's retaliation claim.

Plaintiff's Amended Complaint asserts, *inter alia*, that since she first raised the issue of the pay differential, Defendants have attempted to "suspend Plaintiff, take duties away from Plaintiff, threaten[ed] reductions in pay and termination, [and] harass[ed] [her] and ma[de] comments intended to intimiate Plaintiff from proceeding with the lawsuit." (Dkt. No. 22 at 5). Taken as true, these allegations establish acts that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N.*, 548 U.S. at 68; *see also Vaughn v. State of Delaware Dept. of Insurance*, 2021 WL 518278, at *6 (D. Del. Feb. 11, 2021) (a significant change in duties, even without a pay reduction, can constitute adverse employment action under Title VII); *Anselmo v. City of Philadelphia*, 2021 WL 308132, at *16 (E.D. Pa. Jan. 29, 2021) (recognizing that retaliation can take the form of a "severe or pervasive" retaliatory environment where less severe isolated incidents may, when taken together, evidence retaliatory animus). Again, assuming their truth, Plaintiff's allegations that Defendants have attempted to suspend her, take duties away from her, threatened to reduce her pay or terminate her, can collectively constitute a retaliatory hostile work environment. *Anselmo*, 2021 WL 308132, at *16. Thus, the Court concludes that Plaintiff's Amended Complaint alleges a factual basis sufficient to "plausibly give rise to an entitlement to relief" for a claim of retaliation. *Connelly*, 809 F.3d at 787.

Defendants' causation challenge is rooted in Plaintiff's failure to explain "how soon after the events that gave rise to this case [] Defendants undertook their 'string of attempted bad acts.'" (Dkt. No. 24 at 8-9). However, "[w]hen assessing causation, courts must be 'mindful of the procedural posture of the case.'" *Bullock v. City of Philadelphia*, 2020 WL 4365601, at *5 (E.D. Pa. July 30, 2020) (*quoting Marra v. Philadelphia Housing Auth.*, 497 F.3d 286, 302 (3d Cir. 2007). The standard for alleging causation in a complaint versus establishing a *prima facie* case at summary judgment is different; temporal proximity is less skeptically viewed on a motion to dismiss. *Bullock*, 2020 WL 4365601, at *5 (citing *Connelly*, 809 F.3d at 788). "While close temporal proximity may be enough to establish a causal link, the 'mere passage of time is not legally conclusive proof against retaliation.'" *Speed v. WES Health Sys.*, 93 F. Supp. 3d 351, 357 (E.D. Pa. 2015) (internal citations omitted). When evaluating a motion to dismiss a Title VII retaliation claim, the Court cannot focus exclusively on temporal proximity, but must "make the more generalized inquiry into" whether Plaintiff's protected activity was the likely reason for the adverse action. *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 179 (3d Cir. 1997). In the absence "of temporal proximity, circumstantial evidence of a 'pattern of antagonism' following the protected conduct" or an evaluation of the evidence as a whole may give rise to the inference of causation. *Id.* at 177 (citing *Robinson v. Southeastern Pa. Transp. Auth.,* 982 F.2d 892, 895 (3d Cir.1993)). Thus, contrary to Defendants' argument, a lack of specific allegations as to the temporal proximity between Plaintiff's protected activity and Defendants' alleged retaliatory actions does not preclude a finding that Plaintiff has alleged a plausible claim of retaliation.[1]

---

[1] Some of the legal authorities cited by Defendants are inapt because they relate to evidence in the record when summary judgment motions were filed rather than the nature of the allegations in a pleading challenged under Rule 12(b)(6). *See, e.g., Clark County School Dist. v. Breeden*, 532 U.S. 268, 271-72 (2001) (reviewing whether summary judgment was appropriate for retaliation

In claiming retaliation, Plaintiff refers to Defendants' alleged retaliatory acts when "she first addressed the issue of her unfair pay and since the filing of the initial complaint." (Dkt. No. 22 at 5). Assuming the truth of the allegations, the Court concludes that they are sufficient to plausibly give rise to a claim for relief based on retaliation.

### III.  CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Amended Complaint sufficiently asserts claims under all three Counts pleaded. Accordingly, Defendants' Motion to Dismiss for failure to state a claim with be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date:  April 6, 2021                            _____/s/_____
                                                                WILMA A. LEWIS
                                                                Chief Judge

---

claims); *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1066-67 (9th Cir. 2003) (discussing direct or circumstantial evidence of retaliation under Rule 56 standards).