### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| GENEVIEVE WHITAKER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 1:16-cv-0033** |
| v. | ) |
| | ) |
| CAROLINE F. FAWKES, ARTURO R. | ) |
| WATLINGTON, JR., ALECIA M. WELLS, | ) |
| LYDIA A. HENDRICKS, LILLIANA | ) |
| BELARDO DE O'NEAL, LISA | ) |
| HARRIS-MOORHEAD, RAYMOND J. | ) |
| WILLIAMS, RUPERT W.B. ROSS, JR., and | ) |
| HARRY A. DANIEL, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**Appearances:**

GENEVIEVE WHITAKER, *PRO SE*
ST. CROIX, U.S.V.I.
         *FOR PLAINTIFF*

JULIE ANNE BEBERMAN, ESQ.
VIRGIN ISLANDS DEPARTMENT OF JUSTICE
ST. CROIX, USVI
         *FOR DEFENDANTS*

### MEMORANDUM OPINION[1]

**ROBERT A. MOLLOY, Chief Judge**

**THIS MATTER** comes before the Court on Defendants Caroline F. Fawkes, Arturo R. Watlington, Jr., Alecia M. Wells, Lydia A. Hendricks, Lilliana Belardo De O'Neal, Lisa Harris-Moorhead, Raymond J. Williams, Rupert W.B. Ross, Jr., and Harry A. Daniel's ("Defendants") Motion to Dismiss Second Amended Complaint ("Motion to Dismiss") filed on April 17,

---

[1] Due to the retirement of the judge previously assigned to this case, the undersigned, exercising his authority as Chief Judge of the District Court, reassigned this case to himself on February 17, 2026.

*Whitaker v. Fawkes*
Case No. 1:16-cv-0033
Memorandum Opinion
Page 2 of 14

2023.[2] (ECF No. 48.) Plaintiff Genevieve Whitaker ("Plaintiff") filed an Opposition on April 26, 2023. (ECF No. 50.) Defendants filed a Reply in Support of Dismissing Second Amended Complaint on April 26, 2023. (ECF No. 51.)

For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss and will dismiss all counts in Plaintiff's Second Amended Complaint ("SAC"), ECF No. 46.

## I.    BACKGROUND

The operative complaint in this matter is the Second Amended Complaint. (ECF No. 46). Plaintiff was hired on October 3, 2013 as the Deputy Supervisor of the Election System of the Virgin Islands for the St. Croix district. *Id.* at 2-3. She resigned from her position on January 8, 2021,[3] as she was elected to serve as a Senator in the 34th Legislature of the Virgin Islands. *Id.* at 3. Plaintiff alleges that she was paid $8,000.00 less than her male predecessor in the same role, despite performing additional duties beyond her predecessor's role. *Id.* at 3. Plaintiff alleges that she filed a claim with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 8, 2014. *Id.* Plaintiff alleges that, since her attempts to address this unequal pay situation and her filing of her initial Complaint in this matter, Defendants have retaliated against Plaintiff, by including, but not limited, "attempt[ing] to suspend Plaintiff, tak[ing] duties away from Plaintiff, threatening reductions in pay and termination, harassing [Plaintiff] and making comments intended to intimate Plaintiff from

---

[2] While Plaintiff Genevieve Whitaker ("Plaintiff") named Lawrence T. Boschulte as a Defendant in Plaintiff's initial Complaint, ECF No. 1 at 1, Mr. Boschulte is not named in Plaintiff's Second Amended Complaint, ECF No. 46 at 1. "Because an amended complaint supersedes the original, 'parties voluntarily dropped from an amended complaint do not remain in the case.'" *Mullin v. Balicki*, 875 F.3d 140, 156 (3d Cir. 2017). Accordingly, the Clerk's Office is directed to mark Mr. Boschulte as a terminated party.

[3] Plaintiff states that she "has therefore worked in her position for over two and a half years (2 years, 9 months, and 17 days and counting)." *Id.* at 3. The Court notes that this math does not align based on the dates that Plaintiff provided for her employment.

proceeding with the lawsuit." *Id.* at 7. Plaintiff also alleges that her male successor in the same role received $10,000.00 more than her for the same role. *Id.* at 4.

Plaintiff brings three causes of action against Defendants: (1) discrimination based on gender in violation of the U.S. Equal Pay Act; (2) discrimination based on gender in violation of the Virgin Islands Equal Pay Law; and (3) retaliation in violation of Title VII. *Id.* at 5-7. She seeks, as relief, backpay in the amount equal to her male predecessor, liquidated damages in "an additional equal amount," damages for pain, suffering, and emotional distress, as well as reasonable court fees plus costs, in addition to any other relief that the Court deems appropriate. *Id.* at 7. Defendants seek dismissal of this matter in its entirety for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 48.)

## II.    LEGAL STANDARD

A complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Third Circuit follows the analysis set forth by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when considering a Rule 12(b)(6) motion:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must take note of the elements the plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quotations omitted).

"When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). Further the district court must "draw all reasonable inferences" from the allegations and also construe them "in the light most favorable" to the plaintiff. *Connelly*, 809 F.3d at 791 & n.2. To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to state a claim to relief that is plausible on its face. *See Nekrilov v. City of Jersey*, 45 F.4th 662, 668 (3d Cir. 2022). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Univ. of the Scis.*, 961 F.3d at 208 (quotations omitted).

### III.    DISCUSSION

Defendants make two arguments as to why the individual causes of action in Plaintiff's SAC should be dismissed. (ECF No. 49.) First, Defendants argue for Count One and Count Three—alleging sex discrimination in violation of the U.S. Equal Pay Act ("EPA") and retaliation in violation of Title VII, respectively—that Plaintiff's employment is not protected under the EPA or by Title VII because she was an "exempt" employee under Virgin Islands civil service law, and not a career service employee subject to civil service protections. *Id.* at 4-7. Second, Defendants argue for Count Two—alleging sex discrimination under the Virgin Islands Equal Pay Law ("VI EPL")—that the VI EPL does not cover sex discrimination. *Id.* at 7-8. The Court will address these arguments in the order presented.[4]

---

[4] Defendants also initially argued that for Count Three, alleging retaliation in violation of Title VII, Plaintiff failed to exhaust her administrative remedies. (ECF No. 49 at 3-4.) However, Defendants withdrew this argument in their Reply based on their acknowledgment that Plaintiff "has now shown that she exhausted her

*Whitaker v. Fawkes*
Case No. 1:16-cv-0033
Memorandum Opinion
Page 5 of 14

### A.    "Exempt" Employee under the Equal Pay Act and Title VII

The Fair Labor and Standards Act of 1938 ("FLSA"), as amended by the Equal Pay Act of 1963, prohibits sex discrimination in the determination of employee wages. *See* 29 U.S.C. § 206(d)(1).[5] However, not all employees are subject to this protection. *See id.* § 203(e) (defining "employee"). Relevant to this matter, individuals are not covered "employees" under section 203(e) if they are "not subject to the civil service laws of the State, political subdivision, or agency which employs [them],"[6] and additionally are appointed by a public officeholder "to serve on a policymaking level." *Id.* § 203(e)(2)(C)(i), (ii)(III).

Similarly, Title VII of the Civil Rights Act of 1964 prohibits sex discrimination in the determination of employee wages. *See* 42 U.S.C. § 2000e-2(a)(1).[7] Title VII also prohibits retaliation against an employee for "oppos[ing] any practice made an unlawful employment practice." *Id.* § 2000e-3(a).[8] However, similar to the EPA, not all employees are subject to this protection. *See id.* § 2000e(f) (defining "employee"). Relevant to this matter, individuals are

---

administrative remedies with respect to her Title VII retaliation claim." (ECF No. 51 at 1-2.) Accordingly, the Court will not consider this argument.

[5] Section 206(d)(1) states: "[n]o employer having employees subject to any provisions of this section shall discriminate . . . between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions[.]"

[6] A "State" government in both the EPA and the Title VII contexts explicitly encompasses the territories of the United States and therefore, the Government of the United States Virgin Islands. *See* 29 U.S.C. § 203(c); 42 U.S.C. § 2000e(i).

[7] Section 2000e-2(a)(1) states: "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.]"

[8] Section 2000e-3(a) states: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

*Whitaker v. Fawkes*
Case No. 1:16-cv-0033
Memorandum Opinion
Page 6 of 14

not covered "employees" under Title VII if they are not "subject to the civil service laws of [the] State government, governmental agency or political subdivision" and are "an appointee on the policy making level[.]" *Id.*

Under Virgin Islands law, not all public employees are subject to the civil service laws of the Virgin Islands. *Iles v. de Jongh*, 638 F.3d 169, 173-74 (3d Cir. 2011) The "two broadest categories" of public employees are divided into the "career service" and "exempt service" employee categories. *Id.* at 173. Career service employees are further divided into "regular" employees and "not regular" employees. *Id.* (citing 3 V.I.C. § 451). Only "regular" employees in the career service receive the protection of the Virgin Islands civil service laws. *Id.* at 174; *cf. Chapman v. Cornwall*, 58 V.I. 431, 441 at n.13 (2013) ("[E]ven if Chapman had been a non-exempt employee, and therefore a member of the career service, he would not have necessarily been considered a 'regular' employee for purposes of civil service protection"); *Prosper v. Gov't of the V.I.*, No. 21-3060, 2023 U.S. App. LEXIS 7413, at *5 (3d Cir. Mar. 29, 2023) ("Even within the subcategories of career service employees, only regular employees are entitled to civil service protections.").

A regular employee in the career service must be "appointed to [their] position in accordance with the Personnel Merit System." *Iles*, 638 F.3d at 174. Such appointment is a rigorous process:

> For most Executive Branch employees, [attaining regular employee status] requires that a notice of the vacancy be given to the Director of Personnel, that candidates for the position take competitive examinations, that a list of eligible candidates be provided by the Division of Personnel, and that the successful candidate appointed from that list complete working test or probationary period[.]

*Williams-Jackson*, 52 V.I. at 453 (citation modified).[9] Regular employees are granted "a property interest in continued employment," entitling them to be only terminated "for cause." *Iles*, 638 F.3d at 174. Under this Personnel Merit System, regular employees are "entitled to appeal their dismissal before the Public Employee Relations Board ('PERB')." *Chapman v. Cornwall*, 58 V.I. 431, 440 (2013); *see also Wheatley v. Mapp*, No. 2015-cv-0040, 2016 U.S. Dist. LEXIS 35806, at *17 (D.V.I. Mar. 21, 2016) ("It is well-established that a regular employee of the Virgin Islands must challenge his or her termination before [PERB]."); 3 V.I.C. § 530(a). The pay schedules and pay policies of regular employees are governed by statute. *See* 3 V.I.C. § 551, *et seq.*

### 1. Virgin Islands Civil Service Laws

If Plaintiff's former position is subject to the U.S. Virgin Islands' civil service laws—specifically, that Plaintiff's former position of Deputy Supervisor of the Election System of the Virgin Islands is in the category of "regular employee" within the career service—then Plaintiff is definitively within the ambit of covered "employees" for the purposes of the EPA and Title VII protections. Conversely, if Plaintiff's former position is not subject to the U.S. Virgin Islands' civil service laws—meaning specifically, that Plaintiff's former position is either "exempt" from the career service or in the category of "not regular" employment within the career service—then Plaintiff *may* not be within the protections of the EPA and Title VII, if her former position also meets certain other requirements.

---

[9] The *Williams-Jackson* case addressed the singular exception to this rule that applies, pursuant to 3 V.I.C. §§ 96(a)(6) and 457, to Department of Education employees. *Id.* at 454; *see also Willocks-Gonzalez v. Pub. Emps. Rels. Bd.*, 71 V.I. 137, 150 (V.I. Super. Ct. 2019) ("In *Williams-Jackson*, the Virgin Islands Supreme Court discussed one such exception found under 3 V.I.C. § 457, which provides an exception for appointments made within the Department of Education. That exception is not applicable here, and the Court located no other applicable exception in chapter 25.").

Defendants argue that Plaintiff is an "exempt" employee in the U.S. Virgin Islands civil service because: (1) Plaintiff was appointed as the Deputy Supervisor of Elections by the Joint Board of Elections pursuant to 18 V.I.C. § 4(a); (2) Plaintiff's salary was set by the Joint Board of Elections; (3) the Vacancy Notice for the Deputy Supervisor of Elections position noted that it was an "exempt service" position; and (4) Plaintiff served in a policymaking and advisory position. (ECF No. 49 at 4-7.)

Plaintiff claims that she is not an exempt employee, pursuant to 3 V.I.C. § 451a, as "the Governor of the Virgin Islands did not appoint Plaintiff," and because Plaintiff can "only be terminated for cause" as set forth in 18 V.I.C. § 4(a). (ECF No. 50 at 2-3.) Plaintiff therefore concludes that her former position is not "covered by the exempt service law of the Virgin Islands," and that she "was in the career service, subject to the civil laws[.]" *Id.* at 3.

The Court credits Plaintiff's arguments that she is *not* an exempt employee. A public employee's position must fall within certain statutorily enumerated categories to be exempted from the career service. *See* 3 V.IC. § 451a(b); *see also Williams-Jackson v. Pub. Emps. Rels. Bd.*, 52 V.I. 445, 452 (V.I. 2009) ("[I]f Williams–Jackson's former position did not fall into one of these exempt categories, it would have been a career service position."). While Defendants argue that that Plaintiff's position was "exempt" because the Vacancy Notice for the Deputy Supervisor of Elections position stated so, ECF No. 49 at 5, how a position is advertised is not a factor that is considered under the legal standard for determining exemption. *See Williams-Jackson*, 52 V.I. at 452-454 (disregarding an agency's offer letter designating a position as exempt as legally relevant and finding the position to nonetheless

*Whitaker v. Fawkes*
Case No. 1:16-cv-0033
Memorandum Opinion
Page 9 of 14

be "a classified, career service position"); *see also* 3 V.IC. § 451a(b) (enumerating the exempt categories and their respective requirements).

Defendants also rely on *Prosper v. Gov't of Virgin Islands*, No. 21-3060, 2023 U.S. App. LEXIS 7413 (3d Cir. Mar. 29, 2023) for the broad proposition that an "appointed employee on the policymaking level . . . [does] not constitute an employee under the Equal Pay Act or Title VII." (ECF No. 49 at 6.) However, the employee in *Prosper* was exempted under 3 V.IC. § 451a(b)(1), which requires the employee to be appointed by the Governor. *See Prosper*, 2021 U.S. Dist. LEXIS 96947, at *16 ("Under 3 V.I.C. § 451a(b)(1), an exempt position includes, 'department heads, Assistant Commissioners and Deputy Commissioners and members of boards, commissions or other bodies *appointed by the Governor*.' Viewed in the light most favorable to Prosper, but also in accordance with the plain language of the text, the Court finds that Prosper would constitute an exempt employee." (emphasis added) (citation modified)); *Prosper*, 2023 U.S. App. LEXIS 7413, at *5-6 ("Governor John P. de Jongh, Jr. . . . appointed Prosper to the position of Assistant Warden on February 25, 2010."). However, the position of the Deputy Supervisor of Elections is appointed by the Joint Board of Elections, pursuant to 18 V.I.C. § 4(a). Thus, in contrast to the outcome in the *Prosper* case, because Plaintiff was not appointed to her position *by the Governor*, her position cannot be exempted under 3 V.IC. § 451a(b)(1). In sum, the Court finds that no exemption enumerated in 3 V.IC. § 451a(b) applies to Plaintiff's former position of Deputy Supervisor of Elections.

However, while Plaintiff is correct in her assertion that her former position "was in the career service," it does not follow from this alone that Plaintiff's former position would therefore be "subject to the civil laws" as she claims. *See* ECF No. 50 at 3; *see also Iles,* 638

F.3d at 175 (noting that "the District Court erred by conflating 'career service' employees with 'regular' employees."). As noted previously, only "regular" employees in the career service receive the protection of the Virgin Islands civil service laws. *See Iles*, 638 F.3d at 174.

Defendants' arguments establish that Plaintiff's former position was that of a "not regular" employee in the career service. Career service employees who have not sat for the competitive Personal Merit examinations do not qualify as regular employees. *See, e.g., Willocks-Gonzalez v. Pub. Emps. Rels. Bd.*, 71 V.I. 137, 150 (V.I. Super. Ct. 2019) (affirming that a career service employee who "was not appointed through the normal competitive process . . . could not have obtained regular employee status"); *Iles*, 638 F.3d at 176 ("[N]either Gerard nor Iles . . . were appointed 'on the basis of merit and fitness, as ascertained by competitive examination.' . . . Thus, although Gerard and Iles were 'career service' employees, they were not 'regular' employees under the plain language of 3 V.I.C. § 451."). As Defendants correctly identify, Plaintiff's former position of Deputy Supervisors of Elections is, in contrast, appointed by the Board of Elections for a term of eight years" to "serve at the pleasure of the Board." *See* ECF No. 46-2 at 1; 18 V.I.C. § 4(a). Defendants further correctly identify that Plaintiff's salary is set by the Joint Board of Elections. *See* ECF No. 49 at 5; 18 V.I.C. § 4(a) ("The salaries of the Supervisor [of Elections] and the two deputies shall be set by the Joint Boards of Elections, which salaries shall be fixed in the annual budget."). Thus, the salary for the position of the Deputy Supervisor of Elections is not governed by the pay schedule set by statute for regular employees in the civil service, differentiating this position from a position of "regular" employment. *See* 3 V.I.C. § 551, *et seq.*

Plaintiff's argument that she can "only be terminated for cause" as set forth in 18 V.I.C. § 4(a), ECF No. 50 at 2-3, only cements the conclusion that she was not a regular employee in the career service, as the termination process for a Deputy Supervisor of Elections differs from that set forth by statute for regular employees in both the notice required and the proscribed review procedure. *Compare* 18 V.I.C. § 4(a),[10] *with* 3 V.I.C. § 530(a)(1).[11]

Accordingly, the Court finds that Plaintiff's former position of Deputy Supervisor of Elections was a position of "not regular" employment within the career service. Because Plaintiff's former position constituted "not regular" employment within the career service, she is not entitled to the protections of the Virgin Islands civil service laws. *See Iles*, 638 F.3d at 174.

### 2. Appointee on the Policymaking Level

The definition of covered "employees" under the EPA and Title VII excludes positions not subject to the civil service laws of the state that are appointed by a public officeholder "to serve on a policymaking level." *See* 29 U.S.C. § 203(e)(2)(C)(ii)(III); 42 U.S.C. § 2000e-(f). Defendants argue that Plaintiff occupied such a policymaking role. (ECF No. 49 at 6-7.) Plaintiff does not contest this characterization of her former position in her Opposition, and thereby waives any argument on this point and concedes this issue. *See, e.g., Williams v. Cost-*

---

[10] Section 4(a) of Title 18 of the Virgin Islands Code provides: "The Supervisor of Elections and the two Deputy Supervisors shall be subject to removal by the Joint Boards but only for cause and after notice and an opportunity to be heard. The Supervisor and Deputy Supervisors shall be entitled to appeal an adverse ruling of the Joint Boards to the Superior Court."

[11] Section 530(a) of Title 3 of the Virgin Islands Code states: ("[B]efore a head officer of an executive department, agency or instrumentality of the Government dismisses, demotes or suspends a regular employee . . . the head officer shall furnish the employee with a written statement of the charges against the employee. The employee shall have ten days following the date of receipt of the statement of charges to appeal the proposed action to the Public Employees Relations Board."

*Whitaker v. Fawkes*
Case No. 1:16-cv-0033
Memorandum Opinion
Page 12 of 14

*U-Less, Inc.*, Civil No. 2011-0025, 2026 U.S. Dist. LEXIS 61065, at *30 n.7 (D.V.I. Mar. 24, 2026) (noting that "[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"); *Gillham v. V.I. Sup. Court*, Civil No. 2022-00044, 2023 U.S. Dist. LEXIS 131983, at *8 (D.V.I. July 28, 2023) ("It is well-settled that failure to meet an opponent's arguments operates as a concession."). Nonetheless, the Court will briefly address this issue.

Defendants correctly identify that, by statute, the Supervisor of Elections' responsibilities, and thereby the Deputy Supervisor of Elections' responsibilities, include a duty to "assist and advise the boards of elections in the preparation and issuance of such rules and regulations, not inconsistent with law, as the boards of elections deem necessary." 18 V.I.C. § 4(b)(7). Further, the Joint Boards of Elections, a body of elected members which appoints the Deputy Supervisors of Elections, is "the policy-making body of the Virgin Islands Elections System" and "exercise[s] supervisory control [of its duties] through the Supervisor of Elections." *Id.* at § 4(a). The Third Circuit has found that at least one position similar to this, where the job responsibilities include "[a]ssist[ing] in the formulation and installation of policies" and "[p]repar[ing] recommendations for modifying rules and regulations," to constitute a "policymaking role." *See Prosper*, 2023 U.S. App. LEXIS 7413, at *5-6. Accordingly, the Court finds that Plaintiff's former position of Deputy Supervisor of Elections was a "policymaking position" appointed by public officer holders.

Policymakers, defined as "a person who is appointed by an elected officer to serve on a policy making level *and* who is not in the state or local civil service," are not protected by Title VII and the EPA. *Prosper*, 2023 U.S. App. LEXIS 7413, at *4 (emphasis added). Because

Plaintiff's former position was both not entitled to the protections of the Virgin Islands civil service laws, and a policymaking position appointed by public office holders, Plaintiff's former employment is therefore not covered by either Title VII or the EPA. *Id.* Accordingly, the Court will dismiss Count One and Count Three in Plaintiff's complaint for failure to state a claim upon which relief can be granted.[12]

**B.      Sex Discrimination under the Virgin Islands Equal Pay Law**

Defendants argue that Count Two in Plaintiff's SAC—alleging sex discrimination under the Virgin Islands Equal Pay Law ("VI EPL")—should be dismissed as the VI EPL does not cover sex discrimination. (ECF No. 49 at 7-8). Plaintiff did not respond to this argument in her Opposition, and thereby waives this point and concedes this issue. *See, e.g., Williams*, 2026 U.S. Dist. LEXIS 61065, at *30 n.7; *Gillham*, 2023 U.S. Dist. LEXIS 131983, at *8; *see also Celestial Cmty. Dev. Corp. v. City of Phila.*, 901 F.Supp.2d 566, 578 (E.D. Pa. 2012) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."). Nonetheless, the Court will briefly address this issue.

Defendants are correct that the VI EPL does not appear to create a cause of action related to sex discrimination. *See* 3 V.I.C. § 552, *et. seq.* Plaintiff's citation to the policy section of the VI

---

[12] The Court observes that other courts have chosen to analyze similar situations under Rule 12(b)(1) rather than Rule 12(b)(6). *Compare Lifrak v. New York City Council*, 389 F.Supp.2d 500, 506 (S.D.N.Y. 2005) ("Lifrak has failed to meet her burden to show that she has statutory standing to assert her claim. As an employee of a legislative body, she cannot bring a private right of action pursuant to the Equal Pay Act if she is not subject to the civil service laws of New York. In response to defendant's motion pursuant to Fed.R.Civ.P. 12(b)(1), Lifrak has failed to make any showing that she is subject to New York's civil service laws. Accordingly, she lacks statutory standing to pursue her Equal Pay Act claim and it need be dismissed for lack of subject matter jurisdiction."), *with Wheatley* 2016 U.S. Dist. LEXIS 35806, at *15 (holding that, under Rule 12(b)(6), where it was "not clear" from the face of the complaint "whether [plaintiff's] position was in the exempt service or in the career service, let alone whether [the plaintiff] was a regular employee," the plaintiff's "allegations are clearly deficient"). The outcome under Rule 12(b)(1) and Rule 12(b)(6) is the same.

*Whitaker v. Fawkes*
Case No. 1:16-cv-0033
Memorandum Opinion
Page 14 of 14

EPL in her Complaint, ECF No. 46 at 6-7, which states that "[i]t is the policy of the United States Virgin Islands Government to provide equal pay for equal work and to pay its employees at rates comparable to that paid for similar work by other organizations in the Virgin Islands," 3 V.I.C. § 552, does not create a private cause of action related to pay differentials—much less those alleged to be caused by sex discrimination—within the government service. Accordingly, no relief is available to Plaintiff related to the pay policies or pay schedule of her prior position pursuant to 3 V.I.C. § 552 or any other provision of the VI EPL. The Court will therefore grant Defendants' request to dismiss Count Two of Plaintiff's SAC for failure to state a claim upon which relief can be granted.

## IV.    CONCLUSION

In view of the foregoing, the Court will grant Defendants' motion to dismiss. (ECF No. 48.) The Court will dismiss all counts in the Second Amended Complaint, ECF No. 46, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

An appropriate Order accompanies this Memorandum Opinion.

**Dated:** June 3, 2026                                    */s/ Robert A. Molloy*
                                                        **ROBERT A. MOLLOY**
                                                        **Chief Judge**